IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-954-D

| | | |
|---|---|---|
| LEROY COLEMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALTEC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 18) filed by defendant Altec, Inc. ("defendant") to compel plaintiff Leroy Coleman, Jr. ("plaintiff") to appear for his deposition currently scheduled for 13 October 2017. No opposition to the motion has been filed. For the reasons set forth below, the motion will be allowed.

## I.    Background

Plaintiff, who is proceeding *pro se*, commenced this employment discrimination action against defendant, alleging that defendant discriminated against him on the basis of his race and subjected him to a hostile work environment. *See generally* Compl. (D.E. 5). Defendant denies the material allegations of plaintiff's complaint. *See generally* Def.'s Ans. (D.E. 8).

Plaintiff did not appear for his previously noticed deposition on 19 September 2017. Robin Shea Declaration (D.E. 19-1) ¶ 12. The deposition has been rescheduled for 13 October 2017, the last day of discovery pursuant to the Scheduling Order (D.E. 13) entered in this case, and defendant seeks a court order compelling plaintiff's attendance. *Id.* ¶¶ 13, 14.

## II. Applicable Legal Principles

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including a notice of deposition. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross,* 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))).

Rule 30 governs depositions. Fed. R. Civ. P. 30. It provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). A party intending to depose an individual must give reasonable written notice to all parties, stating the time and place of the deposition. Fed. R. Civ. P. 30(b). Rule 30

provides that the court may impose sanctions, including attorney's fees or expenses, on any person who "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Rule 37 allows for the filing of a motion to compel a party's attendance at a deposition. *See* Fed. R. Civ. P. 37(d). Rule 37 permits a court to order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A).

## III.   Discussion

As noted, by its motion, defendant seeks an order compelling plaintiff's attendance at his own deposition scheduled for 13 October 2017. Having failed to respond to defendant's motion, plaintiff does not contest the relief defendant seeks or the grounds advanced by defendant for it. Irrespective of the unopposed nature of the motion, the court finds that plaintiff has failed to comply with his discovery obligations under the Federal Rules of Civil Procedure. The court therefore ALLOWS defendant's motion on the following terms:

1.      Plaintiff shall appear for his deposition on 13 October 2017 at 10:00 a.m. at the State Bar Building, 217 E. Edenton Street, Room 104E, Raleigh, North Carolina, 27601.

2.      Failure by plaintiff to comply with this Order may result in the imposition of sanctions against him. These sanctions may include, but are not limited to: (1) prohibiting plaintiff from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (2) striking pleadings in whole or in part; (3) staying further proceedings until this Order is obeyed; (4) dismissing this case in whole or in part; (5) treating as contempt of court the failure to obey this Order; and/or (6) requiring payment of reasonable

expenses and attorney's fees caused by the failure to appear. Fed. R. Civ. P. 37(b)(2)(A), (d)(3); *see also Camper v. Home Quality Mgmt. Inc.,* 200 F.R.D. 516, 519 (D. Md. 2000) (warning plaintiffs that a repeated failure to appear for their depositions may result in dismissal); *Gordon v. New England Tractor Trailer Training Sch.,* 168 F.R.D. 178, 181 (D. Md. 1996) (finding plaintiff's failure to appear at his own deposition "was sufficiently severe to justify imposition of sanctions").

## IV.    Conclusion

In summary, for the reasons and on the terms set forth above, it is ordered that defendant's motion to compel is ALLOWED. Plaintiff shall appear as directed at his deposition scheduled for 13 October 2017 or risk the imposition of sanctions against him. The Clerk is DIRECTED to serve a copy of this Order on plaintiff by email to ljrcoleman@gmail.com as well as by overnight mail.

SO ORDERED, this 10 day of October 2017.

James E. Gates
United States Magistrate Judge

4